No. 12240

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

------------

THE STATE OF MONTANA on the relation of
ROBERT L. WOODAHL, Attorney General of
the State of Montana,

Relator,

-vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA in and for
the County of Lewis and Clark and HONORABLE NAT
ALLEN, the Acting Judge thereof,

Respondents.

------------

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
John P. Connor, Jr., Assistant Attorney General,
appeared, Helena, Montana.
Poore, McKenzie and Roth, Butte, Montana.
Robert Poore argued, Special Deputy Attorney General,
Butte, Montana.
Donald Robinson appeared, Butte, Montana.

For Respondents:

Sandall, Moses and Cavan, Billings, Montana.
Charles F. Moses argued, Billings, Montana.

AMICUS CURIAE
H. James Oleson, argued, County Attorney, Kalispell,
Montana.

------------

Submitted: March 28, 1972

Decided: MAR 3 1 1972

Filed: MAR 3 1 1972

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The attorney general's application to this Court for supervisory control or other appropriate relief presents but a single legal issue: whether the attorney general, under the facts and circumstances of this case, has the power to initiate a criminal felony prosecution in the district court independent of the county attorney.

The district court held the attorney general has no such legal power. We agree.

The facts of this case are not complex. The attorney general applied to the district court of Lewis and Clark County, the Hon. Nat Allen, district judge presiding, for leave to file a direct information charging one George McGaffick with eight felony counts involving the presentation of fraudulent bills or claims to the state for allowance and payment. The application was signed by John P. Connor, Jr., assistant chief deputy attorney general of the state of Montana. The county attorney of Lewis and Clark County was not consulted and did not sign the application for leave to file the charges nor did he sign the information tendered to the court with the application.

On March 3, 1972, Judge Allen held a hearing on the application of the attorney general. Judge Allen heard detailed proof of probable cause for filing the information direct and made an express finding that probable cause existed and had been proven. However Judge Allen denied the application on the sole ground that the attorney general did not have authority to file the information himself independent of the county attorney's participation

- 2 -

and signature.

Following this denial by the district court, the attorney general applied to this Court for supervisory control or other appropriate relief to review this determination by the district court. We issued an order to show cause and thereafter briefs were filed and oral argument heard on behalf of the attorney general, the district court, and the Montana County Attorneys' Association as amicus curiae. Additionally a motion to quash was filed by the Montana County Attorneys' Association.

At the outset we hold that the writ of supervisory control is available as a remedy to test the power of the attorney general in this regard. The attorney general has no remedy in the ordinary course of law by appeal from the district court's order. It will not do to say that he has an available remedy by directing the county attorney to sign the information and file it, for to do so would amount to an abdication of the legal power claimed by the attorney general and would furnish no answer to the legal issue he seeks to raise.

Proceeding to the merits, the basic position of the attorney general is that he has power to file these criminal charges and initiate this prosecution independent of the county attorney's power to do so; that the attorney general's power in this regard is derived from the common law which has not been abrogated by constitution or statute.

On the other hand, respondent's position is simply that the attorney general's common law power to initiate a criminal prosecution independently of the county attorney has been superseded by statute in Montana.

The common law power of the attorney general to file criminal charges and initiate criminal prosectuions is tacitly conceded. Nor can there be any real issue in this regard. Section 12-103, R.C.M. 1947 provides:

> "The common law of England, so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state, or of the codes, is the rule of decision in all the courts of this state."

The Montana Supreme Court, in State ex rel. Ford v. Young, 54 Mont. 401, 170 P. 947, had this to say concerning the nature and origin of the powers of the attorney general:

> "The office of attorney general is of ancient origin. The powers and duties appertaining to it were recognized by the common law, and the common law has been a part of our system of jurisprudence from the organization of Montana territory to the present day. (Bannack Statutes, p. 356; Comp. Stats. p. 647; Rev. Codes, sec. 3552). In this state the office of attorney general is created by our state Constitution (sec. 1, Art. VIII), which also provides that the incumbent of the office 'shall perform such duties as are prescribed in this Constitution and by the laws of this state.' The Constitution enumerates certain duties, and section 193, Revised Codes, (now section 82-401-11, R.C.M. 1947) certain others, and then concludes by imposing upon the attorney general 'other duties prescribed by law.' It is the general consensus of opinion that in practically every state of this Union whose basis of jurisprudence is the common law, the office of attorney general, as it existed in England, was adopted as a part of the governmental machinery, and that in the absence of express restrictions, the common-law duties attach themselves to the office so far as they are applicable and in harmony with our system of government." (Emphasis supplied.)

- 4 -

To the same effect see State v. Public Service Comm., 129 Mont. 106, 283 P.2d 594.

The underlying issue here is whether or not the attorney general's common law power in this respect has been abrogated by statute. At the outset in a criminal case we note a complete absence of any constitutional or statutory power vested in the attorney general to file an information or initiate a prosecution independent of the county attorney. On the other hand, there are numerous statutes requiring the county attorney to file criminal charges and institute criminal prosecutions. Section 16-3101, R.C.M. 1947, lists the powers of the county attorney and this section reads in pertinent part as follows:

> "16-3101. Duties of county attorney. The county attorney is the public prosecutor, and must:
> "1. Attend the district court and conduct, on behalf of the state, all prosecutions for public offenses and represent the state in all matters and proceedings to which it is a party, or in which it may be beneficially interested, at all times and in all places within the limits of his county; * * *
> "3. Draw all * * * informations * * *
> "9. When ordered or directed by the attorney general so to do, to promptly institute and diligently prosecute in the proper court, and in the name of the state of Montana, any criminal or civil action or special proceeding, it being hereby declared that the supervisory powers granted to the attorney general by section 82-401(5), include the power to order and direct said county attorneys in all matters pertaining to the duties of their office." (Emphasis supplied.)

Section 95-1302, R.C.M. 1947, provides in pertinent part as follows:

- 5 -

" * * * after leave of court has been granted
* * * the county attorney must file, within
thirty (30) days, in the proper district court
an information charging the defendant with the
offense for which he is held to answer, or any
other offense disclosed by the evidence. * * *"
(Emphasis supplied.)

Section 95-1503(5) (e) provides in pertinent part:

"If the charge is by complaint it shall be signed
on oath by a person having knowledge of the facts
or by the county attorney; if by information, it
shall be signed by the county attorney or by his
deputy * * *." (Emphasis supplied.)

Finally, section 95-101 governs the scope of the new Code

of Criminal Procedure and provides as follows:

"95-101. Scope. These provisions shall govern
the procedure in the courts of Montana in all
criminal proceedings except where provision for
a different procedure is specifically provided
by law."

We hold that the foregoing statutes expressly supersede

and abrogate the common law powers of the attorney general to

file informations in his own name and institute criminal proceed-

ings independent of the county attorney.

This opinion is not to be construed as any limitation

on the supervisory powers and control of the attorney general

over the county attorneys of this state as provided by law. This

opinion simply holds that under the facts and circumstances here,

the attorney general has no legal power to file an information

signed only by himself or to institute a criminal felony prosecu-

tion in the district court independent of the county attorney.

This proceeding has already delayed the institution and

prosecution of charges against George McGaffick since March 3.

- 6 -

As probable cause for the prosecution has already been found by the district court, the prosecution of the case should not be delayed further. Accordingly, the attorney general should immediately direct the county attorney of Lewis and Clark County to sign and file the necessary information and proceed with prosecution of the case.

_____
Associate Justice

We concur:

_____

_____
Associate Justices

Mr. Justice Wesley Castles Specially Concurring:

I concur in Justice Haswell's view of the law that Title 95, R.C.M. 1947, supersedes the common law in criminal procedure. I, however, would not accept jurisdiction of this proceeding because no justiciable issue appears because the Attorney General has an adequate route by using the regular processes of law. Thus, I concur in the result.

_Wesley Castles_
Associate Justice

Mr. Chief Justice James T. Harrison Dissenting:

I am not, under the record before us here, prepared to qualify, restrict or lessen what I believe to be the powers of the Attorney General of Montana. This Court has discussed these powers of the Attorney General as granted by our Constitution, under the statutory law and under the common law and I do not intend to further discuss them but I do wish to point out this wording from the opinion in State ex rel. Nolan v. District Court, 22 Mont. 25, 29, 55 P. 916, to-wit:

> "The Attorney General is the principal law officer of the State. His duties are general; his authority is co-extensive with public legal affairs of the whole community. His advice often affects the rights of all persons within the State, and, excepting judgments and orders of court, his opinions control public interests more largely than do the acts of any other official of the State. Responsibilities of so high a character are usually put upon a lawyer of ability, experience and character, and, presuming the Attorney General to be such, the statute has given him the significant, yet extensive, powers referred to. Again, exigent times occasionally arise in the affairs of a state, where local considerations render it impolitic to intrust a county attorney with the discharge of his duty unaided by learned counsel representing the supreme authority of the State."

In the instant case the Attorney General states that in his opinion it is impolitic to intrust the matter with the County Attorney, and while I may not agree with the Attorney General's reasoning in this particular, I do feel that such a decision is within his discretion and one of his prerogatives.

The same line of reasoning as quoted in Nolan seems to me to be repeated in State ex rel. Ford v. Young, 54 Mont. 401, 170 P. 947, as well as in State ex rel. Olsen v. Public Service Commission, 129 Mont. 106, 283 P.2d 594.

My dissent in this cause is based solely upon this point.

                                    Chief Justice