JAMES RYAN, Petitioner, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the County of Clark, Respondent.

No. 7033

November 30, 1972                    503 P.2d 842

*Harry E. Claiborne* and *Annette R. Quintana,* of Las Vegas, for Petitioner.

*Robert List,* Attorney General, and *Herbert F. Ahlswede,* Chief Deputy Attorney General, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This original proceeding for writs of prohibition and habeas corpus seeks to stop further action in the Eighth Judicial District Court upon an information filed independently by the Attorney General of Nevada with leave of that court, and to secure the petitioner's discharge from restraint occasioned thereby. The information purportedly was filed pursuant to the provisions of NRS 173.035(2) which allows the district attorney, by leave of court, to file such an information following a preliminary examination in which the accused has been discharged.[1] It is the contention of the petitioner, James Ryan,

---

[1]NRS 173.035. 1. An information may be filed against any person for any offense when the person:

    (a) . . . .
    (b) . . . .

    2. If, however, upon the preliminary examination the accused has been discharged, or the affidavit or complaint upon which the examination has been held has not been delivered to the clerk of the proper

that the mentioned statute does not invest the attorney general with authority to file such an information, that the district court could not grant him permission to do so, and that such action and any further proceeding thereon is and would be void for want of jurisdiction.

The information charges James Ryan, as a public officer, with receiving a bribe in violation of NRS 197.040. Originally, the attorney general commenced the prosecution of Ryan by filing a criminal complaint. Action thereon was held in abeyance while the attorney general presented his case to the grand jury of Clark County, which body declined to indict. Thereafter, a preliminary examination was held upon the criminal complaint and the charge was dismissed by the magistrate for want of probable cause. Following these adversities, the attorney general sought to initiate prosecution through the auspices of NRS 173.035(2). He did so independently and without requesting the district attorney of Clark County to act. Whether the attorney general may proceed in that manner is the only issue we need consider.

1.  NRS 173.035(2) does not expressly grant such authority to the attorney general. Only the district attorney is given the right to file an information with leave of court following a preliminary examination in which the accused has been discharged. The statute is designed to provide a safety valve against an arbitrary or mistaken decision of the magistrate, Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970); Martin v. Sheriff, 88 Nev. 303, 496 P.2d 754 (1972), in a prosecution initiated by the district attorney and erroneously dismissed. Indeed, our statutory scheme invests control of the information process in the district attorney to the exclusion of others. The legislature wisely has forbidden dual control. For example, NRS 173.045(1) provides that all informations shall be filed by the district attorney. He may elect not to file an information after a preliminary examination has occurred and the accused

court, the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process shall forthwith issue thereon. The affidavit mentioned herein need not be filed in cases where the defendant has waived a preliminary examination, or upon such preliminary examination has been bound over to appear at the court having jurisdiction. .

has been held to answer, but must give his reasons in writing for not doing so. NRS 173.055(2). On the other hand, he may file an information with leave of court, notwithstanding a preliminary examination in which the accused has been discharged. NRS 173.035(2). These provisions declare the legislative purpose to grant the district attorney of the proper county control over the information process. The attorney general is not mentioned, and the conclusion is inevitable that he simply is not empowered to initiate a prosecution by information independent of the district attorney. Woodahl v. District Court, 495 P.2d 182 (Mont. 1972).

Of course, the attorney general may be invited to take over or assist in the prosecution of a criminal case. The judge of a proper court may, in extreme cases, require that all available evidence be delivered to the attorney general if the district attorney refuses to prosecute. NRS 173.065. The district attorney through the board of county commissioners may request the assistance of the attorney general to prosecute. NRS 228.-130. Moreover, the attorney general may appear in and take exclusive charge of a prosecution when, in his opinion, it is necessary, or when requested to do so by the governor. NRS 228.120(3). This provision, however, contemplates a pending prosecution, since a "prosecution" does not exist until a charge has been filed, and if filed, has not been dismissed.

In the matter at hand, the preconditions to attorney general intervention do not exist. He was not invited to act by the judge. He was not requested to act by the district attorney through the board of county commissioners. Neither was there a pending prosecution. It had been dismissed following preliminary examination, and the accused was discharged.

The power to "supervise" a district attorney which is granted to the attorney general by NRS 228.120(2), means supervision and cannot sensibly be read as a grant of power to usurp the function of the district attorney.

Finally, NRS 228.170 which allows the attorney general to commence or defend a "suit," does not bear upon this case. By using the word "suit" in contrast to the word "prosecution" used in NRS 228.120(3), and the words "criminal cases" used in NRS 228.130, the legislature made clear its intention that the authority of NRS 228.170 embraces only civil matters. Indeed, that section has only been utilized in the civil area.

642

State v. Moore, 46 Nev. 65, 207 P. 75 (1922); State v. Cal. M. Co., 13 Nev. 203 (1878); State v. C. P. R. R. Co., 10 Nev. 47 (1875).

2. The attorney general is a constitutional officer in the executive branch of our government. Art. 5; Sec. 19. He, along with the secretary of state, state treasurer, state controller and superintendent of public instruction "shall perform such other duties as may be prescribed by law." Art. 5; Sec. 22. The phrase "such other duties" is used because art. 5, sec. 20 does, to some extent, specify the duties of the secretary of state. However, duties and powers are not specified for the other mentioned state officers. Such duties and powers were to be legislatively defined. The powers and duties of the attorney general, therefore, are to be found only in legislative enactment. They are not found anywhere in the Constitution of our State.

In declaring the rights of an accused, art. 1, sec. 8 of our Constitution provides, among other things, that one may not be tried for a capital or other infamous crime except "upon presentment or indictment of the grand jury, or upon information duly filed by a district attorney or attorney general of the State. . . ." The right to be tried by information was given by constitutional amendment which became effective in 1912, the purpose of which was to offer an alternative method for criminal prosecution.

The quoted provision is not self-executing. It is simply a limitation on legislative power within which legislation is to be enacted. Wren v. Dixon, 40 Nev. 170, 167 P. 324 (1916). The legislature has responded by defining the duties of the grand jury, NRS ch. 172, the presentment, indictment and information process, NRS chs. 172, 173, the qualifications and duties of the district attorney, NRS ch. 252, and attorney general, NRS ch. 228. Consequently, the power of the attorney general to utilize the information process mentioned in art. 1, sec. 8, of our Constitution is to be found in legislative enactment and not otherwise. We have already shown that his power does not encompass the procedure here sought to be utilized.

3. "The common law of England, so far as it is not repugnant to or in conflict with the Constitution and laws of the United States, or the Constitution and laws of this state, shall be the rule of decision in all courts of this state." NRS 1.030. Assuming, without deciding, that the common law may have

granted the attorney general the power he here seeks to exercise, cf. State v. Moore, 46 Nev. 65, 207 P. 75 (1922), such an exercise of power would be repugnant to the statutory law of this state, as we have already explained. Woodahl v. District Court, 495 P.2d 182 (Mont. 1972). The attorney general may not look to the common law to justify his action.

The requested writs are granted. James Ryan is discharged from restraint.

ZENOFF, C. J., and GUNDERSON, JJ., and McDANIEL, D. J., concur.

MOWBRAY, J., dissenting:

Respectfully I dissent from the majority opinion granting the petition for habeas and prohibition and discharging the petitioner.

The majority has ruled that, absent a request by a district attorney or a request by a district judge or pending litigation already underway, the attorney general is powerless to file a criminal information. I am constrained to disagree with the majority, because in my opinion there is constitutional and statutory authority for the attorney general to proceed as he did in this case.

First, the attorney general is a constitutional officer in the executive branch of our state government. Nev. Const. art. 5, § 19.[1] Traditionally, the office of attorney general had its origin in the early English system of jurisprudence. The attorney general was the chief law enforcement officer of the Crown and its legal representative in the courts.

Article 1, section 8, of the Nevada Constitution provides that "[n]o person shall be tried for a capital or other infamous crime . . . except on presentment or indictment of the grand jury, or upon information duly filed by a district attorney, or attorney-general of the state . . ."[2] An information is a statement

---

[1]Nev. Const., art. 5, § 19:

"A secretary of state, a treasurer, a controller, and an attorney general, shall be elected at the same time and places, and in the same manner as the governor. The term of office of each shall be the same as is prescribed for the governor. Any elector shall be eligible to either of said offices."

[2]Nev. Const., art. 1, § 8:

"No person shall be tried for a capital or other infamous crime (except in cases of impeachment, and in cases of the militia when in actual service and the land and naval forces in time of war, or which this state may keep, with the consent of congress, in time of peace, and in cases of petit larceny, under the regulation of the legislature) except on presentment or indictment of the grand jury, or upon information duly filed by a district attorney, or attorney-general of the state, . . ."

by a district attorney or the attorney general to the court that on a certain day a named person committed an offense against the peace and dignity of the State of Nevada.

Article 5, section 22, of the State Constitution provides that the attorney general in addition to his constitutional duties shall perform such other duties as may be prescribed by law.[3] The attorney general has numerous statutory duties and powers. For instance, he may appear before any grand jury when, in his opinion, it is necessary, and present evidence of the commission of a crime. He is expressly given supervisory powers over all the district attorneys of the State in all matters pertaining to the duties of their offices. When, in his opinion it is necessary to do so, he may appear in and take exclusive charge and conduct any prosecution in any court in the State for a violation of any law of the State. NRS 228.120.[4] The trial judge having jurisdiction of a crime may require that all available evidence relating to the crime be turned over to the attorney general if the district attorney refuses to prosecute the person charged for such a crime. NRS 173.065.[5]

NRS 173.035, subsection 2, provides that, upon appropriate affidavit of a competent witness, an information may be filed by the district attorney, with leave of the court, following a preliminary examination where the defendant has been

_____

[3]Nev. Const., art. 5, § 22:

"The . . . attorney general . . . shall perform such other duties as may be prescribed by law."

[4]NRS 228.120, in relevant part:

"The attorney general shall have the power:

"1. To appear before any grand jury, when in his opinion it is necessary, and present evidence of the commission of a crime or violation of any law of this state; to examine witnesses before the grand jury, and to draw indictments or presentments for such grand jury.

"2. To exercise supervisory powers over all district attorneys of the state in all matters pertaining to the duties of their offices, and from time to time require of them reports as to the condition of public business entrusted to their charge.

"3. To appear in and to take exclusive charge of and to conduct any prosecution in any court of this state for a violation of any law of this state, when in his opinion it is necessary, or when requested to do so by the governor."

[5]NRS 173.065:

"The judge of the court having jurisdiction may in extreme cases, upon affidavit filed with him of the commission of a crime, require all available evidence to be delivered to the attorney general for prosecution, if the district attorney refuses to prosecute any person for such crime."

discharged.[6] It is true that the statute names only the district attorney therein and does not mention the attorney general. Neither does NRS 173.045, subsection 1, which provides that all informations shall be filed in the court having jurisdiction of the offense named, by the district attorney of the proper county as informant.[7] I do not interpret the failure to expressly name the attorney general as well as the district attorney in the two statutes cited above as an attempt by the Legislature to bar the attorney general from signing and filing criminal informations, and if such were the legislative intendment, it was in my opinion constitutionally impermissible. The Nevada Constitution states that one may be tried only upon presentment or indictment of the grand jury or upon information duly filed by a district attorney or the attorney general. Nev. Const., art. 1, § 8, *supra.*

Under NRS 228.120, subsection 3, *supra,* the attorney general is given the express authority to "appear in and to take exclusive charge of and to conduct any prosecution in any court of this state, *when in his opinion* it is necessary . . ." (Emphasis added.) In my opinion, the natural interpretation of the words, "appear in and take exclusive charge of", is that the attorney general may initiate criminal proceedings against a defendant by signing and filing an information. Indeed, in NRS 228.120, subsection 1, *supra,* he is given the power to proceed by way of indictment.

In view of the broad powers the attorney general is given to intervene in criminal prosecutions and to supervise district

---

[6]NRS 173.035, in relevant part:

"2. If, however, upon the preliminary examination the accused has been discharged, or the affidavit or complaint upon which the examination has been held has not been delivered to the clerk of the proper court, the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process shall forthwith issue thereon. The affidavit mentioned herein need not be filed in cases where the defendant has waived a preliminary examination, or upon such preliminary examination has been bound over to appear at the court having jurisdiction."

[7]NRS 173.045, in relevant part:

"1. All information[s] shall be filed in the court having jurisdiction of the offenses specified therein, by the district attorney of the proper county as informant, and his name shall be subscribed thereto by himself or by his deputy."

attorneys, as well as to appear before grand juries and to draw and present indictments, he should not, in my opinion, be precluded from signing and filing a criminal information.

The majority has relied upon the case of State ex rel. Woodahl v. District Court, 495 P.2d 182 (Mont. 1972). That case is distinguishable from this case because the court in Woodahl noted, at 185, that in Montana, unlike Nevada, there is "a complete absence of *any constitutional or statutory power* vested in the attorney general to file an information *or initiate a prosecution* independent of the county attorney." (Emphasis added.)

For these reasons, I would deny the writs and affirm the order of the district judge that the petitioner be held to answer the charge.