WILLIE JUNIOR, APPELLANT, v. THE STATE
OF NEVADA, RESPONDENT.

No. 7951

July 10, 1975                    537 P.2d 1204

*Horace Rodlin Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Criminal Division, Carson City, for Respondent.

## OPINION

*Per Curiam:*

A jury found Willie Junior guilty of carrying a concealed weapon while incarcerated in the Nevada State Prison, in violation of NRS 202.350. As discussed below, we reject his assignments of error on appeal, and affirm the judgment of conviction entered upon that verdict.

On November 12, 1973, a criminal complaint signed by Prison Officer Norman R. Snellgrove was filed in the justice court of Carson Township, charging Junior with the felony offense of carrying a concealed weapon while incarcerated. A preliminary hearing scheduled for November 26, 1973, was continued, at Junior's request, to December 10, 1973, at which time the hearing was held in the chapel of the Nevada State Prison. Junior then objected on the ground that the chapel was not a public place, in derogation of his right to a public trial. The objection was overruled, and following the hearing Junior was bound over to district court for trial.

On December 24, 1973, the Attorney General entered into the proceedings by filing an information in district court charging Junior with the crime for which he had been bound over. The Attorney General's office then conducted the prosecution. At trial, Junior asked that his court-appointed attorney, the State Public Defender, be discharged and that other counsel be appointed in his place. The court denied his request, and the trial went forward with a deputy from the Defender's office assisting Junior.

1. Junior's principal assignment of error argues that the district court was without jurisdiction to try his case because he was prosecuted by the Attorney General, citing Ryan v. District Court, 88 Nev. 638, 503 P.2d 842 (1972). The prosecution was commenced by the filing of a criminal complaint by Officer Snellgrove, and after Junior was bound over to district court a Deputy Attorney General signed the information and prosecuted the case. In Ryan, *supra,* 88 Nev. at 641, 503 P.2d at 843, this court said, ". . . he [the Attorney General] simply is not empowered to initiate a prosecution by information independent of the district attorney." In this case, however, whether the Deputy Attorney General was acting for the district attorney, or independent of him, is not developed by the record; for appellant chose to accept the Deputy's signature as valid and operative, until disappointed by the outcome of his trial. If the information was properly filed, of course, the Attorney General was empowered to conduct the prosecution of the case.[1] Thus, we feel that Junior's failure to timely challenge the information, and his tacit acceptance of it as a valid pleading on behalf of the State, precludes a challenge now, for the first time, on appeal. See Sherman v. State, 89 Nev. 77, 506 P.2d 417 (1973); Sparks v. State, 89 Nev. 84, 506 P.2d 1260 (1973).

2. The State Public Defender represented Junior at his preliminary hearing. At trial, Junior asked the court to discharge the State Defender and appoint private counsel. The court refused, offering Junior three alternatives: He could continue receiving the services of the State Public Defender or his Deputy, he could hire private counsel, or he could defend himself. He elected to manage his own defense, which he did, with the assistance of the Deputy Defender. A defendant is not entitled to reject his court-appointed counsel and request substitution of other counsel at public expense absent a showing of adequate cause for such a change. People v. Ginther, 212 N.W.2d 922 (Mich. 1973). There was no such

---

[1]NRS 228.120(3):

"The attorney general shall have the power:

". . .

"3. To appear in and to take exclusive charge of and to conduct any prosecution in any court of this state for a violation of any law of this state, when in his opinion it is necessary, or when requested to do so by the governor."

showing in the instant case. Further, we perceive no error in allowing a defendant, where he has exercised the right to defend himself, the benefit of assistance of an appointed counsel. Faretta v. California, 422 U.S. 806 (1975). Junior's assignment of error as to the court's ruling is without merit.

3. Finally, Junior argues that his preliminary hearing at the prison chapel violated his right to a public trial. While it was not a closed hearing, admission could be obtained only by signing in through the prison registry. In light of security measures necessary at a prison, this requirement was clearly acceptable. There is no evidence that anyone was denied admission to the hearing. Although Junior cites authority that a preliminary hearing is a "critical stage" of the criminal process, he cites no authority that the hearing is a trial. Junior was not tried at the chapel. He was tried and convicted by a jury in a public trial in the Carson City Courthouse. The assignments of error is rejected.

The judgment of conviction is affirmed.