BOBBY MITCHELL BAKER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 12114

December 30, 1981                                    637 P.2d 1217

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland,* and *Raymond D. Jeffers,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a conviction of burglary upon a jury verdict.

Immediately prior to *voir dire* of the jury on the first day of trial, appellant filed a written motion in *pro per,* requesting that his counsel be dismissed or, in the alternative, that he be allowed to represent himself at trial. Baker listed several grounds in the motion, based primarily on his dissatisfaction with the public defender. The state objected, asserting that the motion was untimely. The court denied the motion. No inquiry was made as to the reason for the lateness of the request and no canvass of Baker was performed to ascertain whether Baker was voluntarily and intelligently electing to proceed without counsel.[1] The record reveals that Baker made an unequivocal request to proceed without counsel, both in writing and orally.

---

[1]The following interchange occurred in chambers:

DEFENDANT BAKER: Then I would move to defend myself before this court and I would appreciate it very much if the Court granted my motion.

THE COURT: These motions are eleventh hour motions, Mr. Baker, and I don't appreciate them.

DEFENDANT BAKER: I don't appreciate this gentleman

Faretta v. California, 422 U.S. 806 (1975), established that a defendant in a criminal case has an "unqualified right" to represent himself when he voluntarily and intelligently elects to do so. *See also* Nev. Const. Art. 1, § 8. In Schnepp v. State, 92 Nev. 557, 554 P.2d 1122 (1976), we rejected a claim of denial of the right to self-representation as untimely when invoked after jeopardy had attached. In *Schnepp* we cited, with approval, United States ex rel. Maldonado v. Denno, 348 F.2d 12 (2d Cir. 1965), which arose from facts nearly identical to those in the case at hand. *Maldonado* held that a motion to proceed in *pro per* is timely if made prior to the swearing of the jury. This position is consistent with the stance of the federal appellate courts in Chapman v. U.S., 553 F.2d 886 (5th Cir. 1977) and United States v. Price, 474 F.2d 1223 (9th Cir. 1973) (applying the federal statutory right to self-representation, 28 U.S.C. A. § 1654). A request for self-representation made before jeopardy has attached is thus not untimely, and a denial of such a request on the ground of timeliness alone deprives the defendant of his Sixth Amendment right to conduct his own defense.

We note that a defendant may not be permitted to employ a delaying tactic by abuse of this rule. State v. Fritz, 585 P.2d 173 (Wash. 1978). However, absent a showing that the motion was made merely to obstruct or delay the orderly process of the criminal justice system, courts have found that denial of a timely motion for self-representation deprives a defendant of a constitutional right, and this court is constrained to find that the defendant has been deprived of his constitutional right to conduct his own defense. *See* State v. Fritz, 585 P.2d 173 (Wash. 1978); *compare* People v. Windham, 560 P.2d 1187, *cert. denied sub nom.* Windham v. California, 434 U.S. 848, (1977) (request made after start of trial). In the instant case, such a showing has not been made.

The denial of Baker's motion for substitute counsel is a matter within the discretion of the court. Junior v. State, 91 Nev. 439, 537 P.2d 1204 (1975). The finding by the court that an

---

defending me, either. I don't want him to defend me and I want to defend myself or have another lawyer.

THE COURT: You have not articulated any facts, Mr. Baker, why I should remove [the public defender] from your case, so, your motion has been denied and there will be a hearing with [the public defender] as your counsel and the trial will proceed.

Now, I am not going to take up anymore time on that.

inadequate showing had been made by Baker on this part of his motion was not error. The denial of Baker's motion to proceed in *propria persona* on the basis that it was untimely was error and we must, therefore, reverse and remand for a new trial.

In view of our disposition as to this issue, other issues raised by appellant need not be addressed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.