STEPHEN YOUNG, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 13174

November 10, 1982                    653 P.2d 153

---

[Rehearing denied February 8, 1983]

*William N. Dunseath,* Public Defender, and *Jane McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, *Michael L. Mahaffey,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a conviction, upon a jury verdict, of robbery with a deadly weapon.

Several days before trial, appellant filed a written motion to represent himself at trial. The motion cited Faretta v. California, 422 U.S. 806 (1975), and was accompanied by the deputy public defender's request to be relieved as counsel.

A hearing on the motion was held before trial. At the beginning of that hearing appellant's counsel told the judge "Mr. Young desires to represent himself. . . ." When asked by the judge why this was so, appellant replied "I want to represent myself or get me an attorney I feel is suitable."

The district judge, however, denied appellant's motion concluding that, because appellant had alternatively requested substitute counsel, the waiver was not sufficiently unequivocal. The fact that the two motions were brought in the alternative does not automatically establish that the request to proceed in

*propria persona* was not made voluntarily and knowingly. *Cf.* Baker v. State, 97 Nev. 634, 637 P.2d 1217 (1981) (appellant's request that his counsel be dismissed or, alternatively that he be allowed to represent himself, was timely).

During the trial, the issue arose as to whether appellant had adequately waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966). In support of the state's position that he had, the prosecutor called the deputy district attorney who had been present at the *Faretta* hearing. The deputy testified that at that hearing appellant "indicated just a general understanding of the charges and a desire to represent himself." In argument, the prosecutor concurred, stating that the appellant "did satisfy the standards under *Faretta* to represent himself. He is an intelligent man. I think that is obvious to the court."

We agree. A review of the transcript of the *Faretta* hearing establishes that when he asked to represent himself at trial the appellant was voluntarily and intelligently electing to exercise his unqualified right to do so under the Sixth Amendment. *See* Faretta v. California, 422 U.S. 806 (1975).

The denial of Young's motion to proceed in *propria persona* was error and we must, therefore, reverse and remand for a new trial.[1]

Reversed and remanded.

---

[1]We note that the evidence against appellant was overwhelming. Nevertheless, we will not apply the doctrine of harmless error because of the Ninth Circuit's opinion in Bittaker v. Enomoto, 587 F.2d 400 (9th Cir. 1978).