53 F.3d 1000
 63 USLW 2692
 Jo Marie AGRIESTI; Glen Arnodo, on behalf of themselves and
all others similarly situated, Plaintiffs-Appellants,
v.
MGM GRAND HOTELS, INC.; Clark County Nevada; Michael
Shalmy, in his official capacity as County Manager
for Clark County, Nevada, Defendants-Appellees.
 No. 94-16472.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided April 25, 1995.
 
 Michael T. Anderson, Davis, Cowell & Bowe, San Francisco, CA, for plaintiffs-appellants.
 Peter M. Angulo, Rawlings, Olson & Cannon, and Gary C. Moss, Las Vegas, NV, for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before: WALLACE, Chief Judge, HUG, and FARRIS, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 Plaintiffs-Appellants Agriesti and Arnodo appeal the district court's decision to abstain from hearing their 42 U.S.C. Secs. 1983 and 1985 actions. After their arrests for distributing handbills on a sidewalk adjacent to the MGM Grand Hotel in Las Vegas, plaintiffs sued MGM and Clark County in federal district court, seeking monetary, declaratory, and injunctive relief, for violations of their First and Fourteenth Amendment rights. After a hearing on plaintiffs' motion for a preliminary injunction, the district court dismissed plaintiffs' complaint on the basis of Younger abstention, finding that the arrests and potential prosecutions constituted ongoing judicial proceedings. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
 
 
 2
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we reverse the district court order. The requirements for Younger abstention have not been met because no state judicial proceedings are pending. We remand to the district court for proceedings on the merits of plaintiffs' claims.
 
 BACKGROUND
 
 3
 The Tropicana sidewalk is owned by Defendant MGM Grand Hotel. It runs along Tropicana Avenue between Las Vegas Boulevard and Koval Lane. Since the 1960s, the sidewalk was a municipally owned, public sidewalk. But in the 1990s, Tropicana Avenue was widened to accommodate projected traffic increases due to the construction of the MGM Grand Hotel. The street was widened onto land originally owned by MGM, and the sidewalk was rebuilt on MGM property. In a series of agreements, the interpretations of which are now in dispute, MGM agreed to provide a "privately owned and maintained sidewalk for public use." In December 1993, MGM filed a "Grant of Pedestrian Access Easement" that permitted the flow of pedestrian traffic over the sidewalk, but prohibited its use as a "public forum for the organized dissemination of information of a political, commercial, economic, or sectarian nature." The Grant also prohibited all solicitation, picketing, and handbilling on the easement.
 
 
 4
 On May 27, 1994, plaintiffs were distributing leaflets on the Tropicana sidewalk. After 10 minutes, MGM security guards, in the presence of local police officers, read plaintiffs the Nevada trespass statute. The police then issued misdemeanor citations pursuant to a citizen's complaint by the MGM guards. Plaintiffs filed this action in federal court on June 1, 1994. On June 6, 1994, plaintiffs were again leafletting on the Tropicana sidewalk. After 15 minutes, MGM security guards again read plaintiffs the Nevada trespass statute. When plaintiffs continued to leaflet, the guards called the local police. Plaintiffs were arrested, handcuffed, taken to jail, and booked. They were released the same day and never brought before a magistrate. The police deposited the misdemeanor citations with the Clark County District Attorney's office. The district attorney has yet to file the citations with the Las Vegas Township Justice Court.
 
 ANALYSIS
 
 5
 Before Younger abstention can be applied to dismiss a federal claim, three requirements must be met: (1) there must be ongoing state judicial proceedings, (2) the state judicial proceedings must implicate important state interests, and (3) the state judicial proceedings must afford the federal plaintiff an adequate opportunity to raise constitutional claims. Benavidez v. Eu, 34 F.3d 825, 831 (9th Cir.1994) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)). "All three elements of Younger must be present in order for abstention to be appropriate." Benavidez, 34 F.3d at 832. We review de novo whether the requirements for Younger abstention have been met. Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994).
 
 
 6
 Abstention was improper in this case because there were no ongoing state judicial proceedings. This case involves only the potential for a future criminal prosecution. Nevada law defines the commencement of a prosecution as the point at which a charge is filed. Ryan v. Eighth Judicial District Court, 88 Nev. 638, 503 P.2d 842, 844 (1972) (stating that "a 'prosecution' does not exist until a charge has been filed."); accord Lane v. Second Judicial District Court, 104 Nev. 427, 760 P.2d 1245, 1253 (1988). Plaintiffs in the present case were arrested and issued misdemeanor citations by police officers. Under Nevada law, a misdemeanor complaint issues when the misdemeanor citation is filed with a court of competent jurisdiction, in this case, the Las Vegas Township Justice Court. See Nev.Rev.Stat. Sec. 171.1778 (1992). The police officers delivered the citations to the district attorney's office, but the district attorney never filed the citations in court. Under the applicable statute of limitations, the district attorney has until May 27 and June 6, 1995 to do so. See Nev.Rev.Stat. Sec. 171.090(2) (1992) (misdemeanor complaint must be filed within one year of commission). Because no action has been filed in state court against defendants, there are no ongoing state judicial proceedings to which this court can defer. This case offers only the potential for future state judicial proceedings, which does not trigger Younger abstention. See Doran v. Salem Inn, Inc., 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975) (holding that Younger does not bar injunction against future criminal prosecutions).
 
 
 7
 Defendants misread Hicks v. Miranda, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), and Doran, 422 U.S. 922, 95 S.Ct. 2561, when they argue that Younger abstention requires imminent, rather than ongoing, state judicial proceedings. They argue, and the district court found, that although "technically" no court action has commenced, abstention is nonetheless proper because the statute of limitation on the action has not run, and the district attorney has not indicated that he has no intention of ever filing the citations in court. We reject this argument. Younger abstention does, in fact, depend on the "technicality" of ongoing judicial proceedings, and Hicks and Doran are not to the contrary. Hicks and Doran held that when a state prosecution commences, abstention may be appropriate even if the federal prosecution was initiated first. But in both Hicks and Doran, state prosecutions had, in fact, begun when the federal courts abstained. Hicks, 422 U.S. at 349, 95 S.Ct. at 2291; Doran, 422 U.S. at 929, 95 S.Ct. at 2566. The Supreme Court has since reiterated the rule that state judicial proceeding must be ongoing for abstention to apply. Middlesex County Ethics Comm., 457 U.S. at 432, 102 S.Ct. at 2521. The Ninth Circuit has consistently followed this rule. See, e.g., Benavidez, 34 F.3d at 831; Wiener, 23 F.3d at 266; Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 979, 122 L.Ed.2d 133 (1993); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987).
 
 
 8
 Defendants make a second, related argument for why abstention was proper in this case. They argue that, for purposes of Younger abstention, state judicial proceedings began either when the police officers issued the misdemeanor citations or when the arrests were made. We reject both of these arguments because the arrests and the issuance of the citations were executive, not judicial, acts. The Supreme Court was clear in New Orleans Pub. Serv., Inc. v. New Orleans, 491 U.S. 350, 370, 109 S.Ct. 2506, 2519, 105 L.Ed.2d 298 (1989), that Younger abstention is permissible only in deference to state proceedings that are " 'judicial in nature.' " Id. at 370, 109 S.Ct. at 2519. New Orleans noted that "[w]hile we have expanded Younger beyond criminal proceedings, and even beyond proceedings in courts, we have never extended it to proceedings that are not 'judicial in nature.' " Id. at 369-70, 109 S.Ct. at 2518-19. Neither an arrest nor the issuance of a misdemeanor citation by a police officer are judicial in nature. They do not mark the commencement of judicial proceedings.
 
 CONCLUSION
 
 9
 There are no ongoing state judicial proceedings, therefore, Younger abstention does not apply. Because the interpretation of the agreements between MGM and Clark County are in dispute, a resolution of the merits of the First Amendment claim is appropriately left for the district court on remand. See Wiener, 23 F.3d at 268. We reverse the district court's dismissal and remand for further proceedings.
 
 
 10
 REVERSED AND REMANDED.