77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Paul GRIFFITHS, Plaintiff-Appellant,
v.
JUDICIAL ARBITRATION AND MEDIATION Svcs., INC., et al.,
Defendants-Appellees.
 No. 94-55628.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 15, 1996.
 
 Before: POOLE, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Paul Griffiths appeals the district court's dismissal of his federal civil rights action under the abstention doctrine. Griffiths sued California's Judicial Arbitration and Mediation Services, Inc. ("JAMS"), as well as various JAMS referees and Orange County Superior Court judges in their official capacities under 42 U.S.C. § 1983, alleging that California Code of Civil Procedure § 639(e)[1] is unconstitutional on its face and as applied to him. We affirm the district court's dismissal of Griffiths' action under the Younger doctrine. See Younger v. Harris, 401 U.S. 37, 54 (1971) (holding that the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good faith attempts to enforce it absent showing of bad faith, harassment, or other extraordinary circumstances calling for equitable relief).
 
 I.
 
 3
 The case that precipitated Griffiths' civil rights claims was brought in Orange County Superior Court by his former partner. Griffiths' partner--who is now deceased--sued for dissolution of their partnership and an equitable accounting after Griffiths allegedly breached their partnership agreement and converted partnership assets.
 
 
 4
 During the course of this litigation, Griffiths filed a motion for a protective order regarding the production of certain documents and interrogatories propounded by his partner. Defendant Floyd Schenk--the Superior Court Judge presiding over the matter--acting pursuant to Cal.Civ.Proc.Code § 639(e), referred adjudication of Griffiths' discovery objection to JAMS and Defendant Referee Judith Ryan, in particular.
 
 
 5
 JAMS charges an initial reference and retainer fee of $1,000.00, which Griffiths claimed he was unable to pay prior to the scheduled March 9, 1993 hearing on his discovery motion. As such, neither Griffiths nor his attorney appeared at the hearing.[2] On March 19, 1993, Griffiths was notified of Referee Ryan's findings and recommendations, which included sanctions against him of $2,500.00 for attorney's fees, and hearing costs of $1,400.00.
 
 
 6
 Subsequently, on March 25, 1993, Griffiths filed an objection to Ryan's findings in which he challenged the jurisdiction of the referee, and alleged that California's reference procedure--specifically § 639(e)--violated his rights under the federal and state constitutions to have all claims adjudicated in the public courts. Judge Schenk ordered that Referee Ryan hear and decide Griffiths' objections. Thereafter, Judge Schenk adopted all of Referee Ryan's findings of March 19, 1993, and reduced the sanctions assessed against Griffiths to an enforceable monetary judgment.
 
 
 7
 Griffiths filed a petition for a peremptory Writ of Mandate in the California Court of Appeals, and a subsequent Petition for Review of his constitutional claims in the California Supreme Court. Both writs were unsuccessful. Thereafter, Griffiths filed the instant action in the United States District Court under 42 U.S.C. § 1983, seeking a declaration of the unconstitutionality of § 639(e) and a preliminary injunction against its continued enforcement.
 
 II.
 
 8
 We review de novo the district court's determination of whether the requirements for Younger abstention have been met. Agriesti v. MGM Grand Hotels, Inc., 53 F.3d 1000, 1001 (9th Cir.1995). We conclude that the district court correctly applied the test for Younger abstention followed in this Circuit under Lebbos v. Judges of Superior Court of Santa Clara County, 883 F.2d 810, 814 (9th Cir.1989), and we therefore affirm.
 
 
 9
 In Lebbos, we stated that abstention is appropriate if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide adequate opportunity to raise federal questions. Id. (internal citations omitted). As the district court concluded, this case falls squarely within the test for Younger abstention as described in Lebbos.
 
 
 10
 The underlying state court proceedings against Griffiths are clearly ongoing, thus the first prong of the Lebbos test is satisfied. Secondly, we have recognized that " 'the States have important interests in administering certain aspects of their judicial systems.' " Lebbos, 883 F.2d at 814 (internal citations omitted). As the district court noted, § 639(e), in particular, reflects a legislative policy and an important state interest in allowing judges to use alternative forums for resolution of discovery disputes in civil cases. See Solorzano v. Superior Court of Los Angeles County, 18 Cal.App.4th 603, 614 (1993).
 
 
 11
 Lastly, under the third prong of the Lebbos test, a litigant must show that he "was not afforded an adequate opportunity to raise [his] federal claims" in the state proceeding. 883 F.2d at 815. Although Griffiths has been unsuccessful in his attempts to secure interlocutory review of his constitutional claims, he may still interpose his constitutional objections to § 639(e) on direct appeal. Thus, future state court proceedings will provide an adequate opportunity for review of Griffiths' federal claims.
 
 
 12
 Griffiths makes the rather conspiratorial argument that he has been, and will be, denied effective impartial review of his constitutional objections to § 639(e) because of the potential interest that California judges may have in securing positions with JAMS, or other for-profit alternative dispute resolution referral organizations, upon retirement. He suggests that the denial of his Writ of Mandate in the California Supreme Court--although Justices Mosk and Kennard voted to grant the writ--may have been influenced by the fact that recently retired Justice Panelli is an officer of the JAMS organization. However, the fact that two state Supreme Court Justices were in favor of hearing Griffiths' claims at this stage of the proceedings militates against a finding that he will be denied meaningful review in any subsequent challenge to the constitutionality of § 639(e).
 
 
 13
 Because the district court correctly applied this Circuit's test for Younger abstention, the dismissal of Griffiths' 42 U.S.C. § 1983 action without prejudice to the merits is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.Proc. 34(a) and Ninth Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The challenged California civil case management policy states:
 "When the parties do not consent, the court may, upon.... its own motion, direct a reference in the following cases: .... (e) When the court in any pending action determines in its discretion that it is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon." Cal.Civ.Proc.Code § 639(e) (West Ann.Cum.Supp.1995).
 
 
 [2]
 Griffiths alleges that a representative of his partner's estate must have paid the $1,000.00 reference fee, thus obliging JAMS to go forward with the hearing