Celebrezze, Senior Circuit Judge, dissented and filed opinion.

**CLR CORPORATION, Plaintiff-Appellee,**

v.

**Lowell HENLINE, Jay Waalkes, and Gordon Foster, Defendants-Appellants.**

No. 81–1612.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 24, 1983.

Decided March 23, 1983.

Jack R. Sluiter (argued), Garlington & Sluiter, Wyoming, Mich., for defendants-appellants.

Robert H. Roether (argued), Bloomfield Hills, Mich. (argued), Noel Lippman, Almont, Mich., for plaintiff-appellee.

Before EDWARDS, Chief Circuit Judge, MARTIN, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

CLR Corporation sued the defendants, government officials of the City of Wyo-

ming, Michigan, pursuant to 42 U.S.C. § 1983. Specifically, CLR challenged as unconstitutional a provision of the Wyoming zoning code which imposed special application procedures and spacing requirements on adult book stores locating in the city. The district court granted summary judgment for the corporation finding the ordinance unconstitutional. The court granted injunctive and declaratory relief from which the defendants appeal. We affirm the judgment of the district court, 520 F.Supp. 760.

Wyoming, Michigan is a city of 60,000 people with a total area of approximately 25 square miles. In 1979, the CLR Corporation purchased and remodeled a gas station in Wyoming intending to operate a "variety store." The store's primary commodity would be sexually explicit reading and viewing material, so called "adult" books and films.

City officials denied CLR a certificate of occupancy when it became clear that CLR intended to operate an adult book store. The site which CLR occupied did not meet the zoning requirements of section 60.75 of the Wyoming City Code. Section 60.75 provides that adult book stores, adult movie theaters, and massage parlors must locate in "B–2" business districts and at least 500 feet from any church, school, or residence and 1,000 feet from any other restricted use. The closest residence to CLR's lot is 250 feet away in the neighboring town of Grand Rapids. Nonetheless, Wyoming officials determined that the spacing requirements of section 60.75 were not met. CLR was denied an occupancy permit for the additional reason that it had not obtained special use approval pursuant to section 60.-99 of the Code.

CLR made four arguments to the district court against the constitutionality of the City of Wyoming zoning ordinance: the ordinance is unconstitutionally vague; it imposes a prior restraint on speech; it violates the Equal Protection Clause of the Fourteenth Amendment; and it has an extraterritorial application. The district court held that the zoning ordinance violated the

Equal Protection Clause according to the Supreme Court's analysis in *Young v. American Mini-Theaters, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). The defendants argue that *Young* and its progeny dictate a holding that the ordinance is constitutional. Because we agree with the reasoning and conclusion of the district court on the equal protection argument, we need not reach CLR's remaining arguments or the defendants' rejoinders.

In *Young v. American Mini-Theaters* a Detroit zoning ordinance prohibited the location of adult movie theaters and adult book stores within 500 feet of a residential area and within 1,000 feet of two other "regulated uses," such as pool halls, cabarets, dance halls, motels, pawnshops, and bars. The purpose of these spacing requirements was to avoid concentrated areas of regulated uses which, as experts testified to the Detroit Common Council, contributed to urban blight. Although the ordinance regulated a first amendment activity according to content, a plurality of the Supreme Court found that adult movie theaters were not denied equal protection. 427 U.S. at 70–73, 96 S.Ct. at 2452–2453. The ordinance burdened free speech only slightly because of the "myriad of locations" in the city available for such use. 427 U.S. at 71, n. 35, 96 S.Ct. at 2453, n. 35 *quoting Nortown Theaters, Inc. v. Gribbs,* 373 F.Supp. 363, 370 (E.D.Mich.1974) (lower court findings in companion case to *Young*). The city amply justified this slight burden by its factual determination that spacing requirements were necessary to preserve the character of its neighborhoods. Justice Powell in his concurrence reached the same conclusion, that the ordinance was constitutional, because he found Detroit had demonstrated a "substantial government interest . . . unrelated to the suppression of free expression." 427 U.S. at 79–80, 96 S.Ct. at 2456–2457.

*Schad v. Borough of Mt. Ephraim,* 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981), presents an informative contrast to *Young.* The Supreme Court held unconstitutional a Mt. Ephraim zoning ordinance which prohibited all live entertainment, in-

cluding nude dancing, in the Borough. Unlike *Young,* the ordinance *severely restricted* free expression and the local government made *no factual findings* to justify its conclusion that live entertainment created greater public welfare and safety hazards than other permitted uses. 452 U.S. at 71–74, 101 S.Ct. at 2184–2186.

The defendants have argued throughout this case that the Wyoming statute is constitutional because it is nearly identical to the statute upheld in *Young.* Both statutes impose 1000-foot and 500-foot spacing requirements on adult movie theaters and book stores although the requirements are triggered by one nearby restricted use in Wyoming versus two nearby restricted uses in Detroit. Despite the ordinance, Detroit contained a "myriad of locations" for such uses. In contrast, the impact of the Wyoming ordinance is to permit two to four restricted uses in a half-mile strip of the city. Like the Mt. Ephriam ordinance in *Schad* and unlike the Detroit ordinance in *Young,* the Wyoming ordinance *severely restricts* first amendment free expression.

Also like *Schad* but unlike *Young,* the defendants have failed to justify the infringement of constitutional rights by showing a compelling governmental interest. First, the Wyoming City Council made no factual findings that the spacing requirements would prevent urban blight. Wyoming need not have conducted its own research in this area. However, the district court found no evidence in City Council meetings or elsewhere that the ordinance was enacted *for the purpose of* preventing urban blight through deconcentrating restricted uses. It is equally likely that Wyoming enacted the ordinance to prevent adult books from locating in the city. Second, and more importantly, assuming Wyoming's purpose was to deconcentrate restricted uses, the *effect* of the ordinance is to *concentrate* any adult bookstores and theaters in the city into a 2,500-foot frontage. We decline to find a compelling governmental interest to justify this statute when Wyoming cannot demonstrate even a rational relationship between the asserted purpose and the effect of the statute.

Although the language of the Wyoming zoning ordinance is nearly identical to the Detroit ordinance, the constitutional result in this case is directly contrary to *Young.* We hold that the Wyoming ordinance is an unconstitutional violation of the Equal Protection Clause because the defendants have completely failed to assert a factual justification, compelling or otherwise, for the severe infringement of free expression. *Young v. American Mini-Theaters; Schad v. Borough of Mt. Ephriam.*

We affirm the judgment of the district court.

CELEBREZZE, Senior Circuit Judge, dissenting.

I respectfully dissent for the reasons stated in my dissenting opinion in *American Mini-Theaters, Inc. v. Gribbs, Mayor of the City of Detroit, et al.,* 518 F.2d 1014 (6th Cir.1975), *rev'd sub nom. Young v. American Mini-Theaters, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976).