**ADULTWORLD BOOKSTORE dba Reliable Enterprises, Inc., Plaintiff-Appellant,**

v.

**The CITY OF FRESNO, a Municipal Corporation, Defendant-Appellee.**

No. 84–2198.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1985.

Decided April 26, 1985.

Roger Jon Diamond, Hecht, Diamond & Greenfield, Pacifica Palisades, Cal., for plaintiff-appellant.

Charles Brewer, Fresno, Cal., for defendant-appellee.

Before GOODWIN, HUG and SCHROEDER, Circuit Judges.

GOODWIN, Circuit Judge.

Adultworld Bookstore, the operator of two adult bookstores, appeals the dismissal of its action challenging the constitutionality of a Fresno, California, zoning ordinance which, by restricting the locations in which adult bookstores can operate, would require Adultworld to close its bookstores. The district court denied Adultworld's motion for a preliminary injunction and dismissed the action on abstention grounds. We reverse.

The zoning ordinance, adopted in April 1979, prohibits the operation of adult-oriented businesses within 1000 feet of a library, park, school, nursery, place of worship, or other existing adult use. Fresno Municipal Code § 12–306–N.[1] *See* Ordinance Nos. 79–50, 84–54.

On the effective date of the ordinance, Adultworld closed its two bookstores. Other businesses which continued to operate in violation of the ordinance were subjected to criminal citations. As of that date, there were ten adult businesses in the City, of which only one lawfully could have continued operations under the ordinance.

Adultworld filed this action under 42 U.S.C. § 1983 and obtained a temporary restraining order against enforcement of the ordinance. Under the protection of the temporary restraining order, Adultworld Bookstore reopened.

After an evidentiary hearing, the district court denied Adultworld's motion for a preliminary injunction and dismissed the ac-

---

**1.** Municipal Code of Fresno § 12–306–N–30 provides:

The adult uses subject to the provisions of this subsection are recognized as having serious objectionable operational characteristics which are incompatible with, and may have a deleterious effect upon, adjacent areas. The adult uses subject to the provisions of this section shall not be located or maintained within one thousand feet of the nearest street entrance to or exit from any public library; public playground or park; public or private school ground of elementary or high school grades; nursery schools or childcare nurseries; church, convent, monastery, synagogue, or other place of worship; or another existing adult use.

Sections 12–105–B–11 and 12–105–M–10 of the Code define, respectively, adult bookstores and adult movie theaters:

BOOKSTORE, ADULT, shall mean an establishment having as a substantial or significant portion of its stock in trade, books, magazines, and other periodicals which are distinguished or characterized by their emphasis on matter depicting, describing, or relating to "specified sexual activities" or "specified anatomical areas," as defined in this article, or an establishment with a segment or section devoted to the sale or display of such material. MOTION PICTURE THEATER, ADULT, shall mean an enclosed building used for presenting material distinguished or characterized by an emphasis on matter depicting, describing, or relating to "specified sexual activities" or "specified anatomical areas," as defined in this article, for observation by patrons therein.

tion, citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

After the district court had dismissed the case and the temporary restraining order had expired, the City issued criminal citations to two of Adultworld's employees for operating an adult business in violation of § 12–306–N–30.

In *Younger*, the Supreme Court explained the well-established doctrine that federal courts will not interfere with state criminal proceedings. *Id.* at 43–45, 91 S.Ct. at 750–751. The Court explained that, unless a threatened injury is both great and immediate or unless the threat to plaintiff's federally protected rights cannot be eliminated by defending against a criminal charge, a federal court should abstain from enjoining a state criminal prosecution which is pending at the time the federal action is brought. *Id.* at 46, 91 S.Ct. at 751. The *Younger* doctrine has not been limited, however, to instances where state proceedings have been filed before a federal action. In *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), the Court held that *Younger* required federal abstention even though a state criminal complaint was filed after a federal suit was brought for both declaratory and injunctive relief. But the state and federal actions in *Hicks* were filed only one day apart, and the state action against the federal plaintiff was filed before any proceedings of substance on the merits had begun in the federal action. *Id.* at 349, 95 S.Ct. at 2291. Furthermore, a state criminal complaint had already been filed against employees of the federal plaintiff at the time the federal action was filed. *Id.* The closeness of the relationship between the employees and the federal plaintiff, combined with representation by the same attorney and the federal plaintiff's attempt to intervene in the earlier-filed state criminal proceeding against its employees, convinced the court that *Younger* should not require a race to the courthouse where the timing of the state and federal actions is merely serendipitous. *Id.* But see *Steffel v. Thompson*, 415 U.S. 452, 475, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974) (prior state court filing needed for abstention in federal action for declaratory relief).

In *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), the Court confronted a situation analogous to the present case. In *Doran*, three businesses brought suit to enjoin enforcement of an ordinance which banned topless dancing establishments. When the ordinance became effective, all three plaintiffs closed; after a temporary restraining order was denied, one plaintiff reopened and was served with a criminal summons. The other two plaintiffs did not reopen until after the district court had issued a preliminary injunction against enforcement of the ordinance. The Court held that *Younger* demanded abstention only with respect to the plaintiff who had voluntarily violated the ordinance and been subject to criminal citations. *Id.* at 928–29, 95 S.Ct. at 2566. The other plaintiffs had not been criminally prosecuted in state court and were not subject to any pending state proceedings at the time of the preliminary injunction. *Id.* at 930, 95 S.Ct. at 2567. Accordingly, the Court held, there was no reason for abstention under *Younger*, and the preliminary injunction was properly entered. *Id.*

Applying *Doran*, this court recently explained that *Younger* does not require abstention when the federal plaintiff has avoided violating an ordinance prior to challenging its constitutionality in federal court. *Playtime Theaters, Inc. v. City of Renton*, 748 F.2d 527, 533 (9th Cir.1984). At the time the federal action in *Playtime* was filed, plaintiffs were not subject to criminal prosecution; consequently, the problems of a race to the courthouse, alluded to in *Hicks*, did not arise. *See id.*

■ The present case is analogous to *Playtime* and *Doran*. Adultworld did not violate the Fresno ordinance until after the district court had dissolved the temporary restraining order. At the time the federal action was filed and the court held its hearing, Adultworld could not have been subject to criminal prosecution. Furthermore, the district court's extended evidentiary

hearing on the question of a preliminary injunction constituted a substantive proceeding on the merits. *See Hicks,* 422 U.S. at 349, 95 S.Ct. at 2291.

Even if a state criminal action is now pending against Adultworld, abstention is not appropriate here. Just as in *Doran,* the state proceeding could not have been filed until after the federal action was filed and dismissed because Adultworld had not violated any criminal statute until the temporary restraining order was dissolved. The race-to-the-courthouse problem of *Hicks* is not present because Adultworld could not have been subject to criminal sanctions in state court until after the federal court had dissolved the temporary restraining order or reached a decision on the merits.[2]

Because the district court should not have abstained, the court also erred in not reaching the merits of Adultworld's motion for a preliminary injunction.

■ In the context of location-restrictive zoning ordinances, this court has repeatedly considered preliminary injunctions. A preliminary injunction should be issued upon a clear showing of either (1) probable success on the merits and possible irreparable injury, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the party requesting relief. *Ebel v. City of Corona,* 698 F.2d 390, 392 (9th Cir.1983).

■ Using the *Ebel* standard, it is clear that the question of the constitutionality of the Fresno ordinance presents a fair ground for litigation. The district court so stated from the bench at the conclusion of the evidentiary hearing. Cases in this circuit recognize that zoning ordinances which restrict the location of adult businesses present complex constitutional problems.

This court has found in a proper case that a challenge to a location-restrictive zoning ordinance raises sufficiently serious litigation questions and presents sufficient balance of hardships in favor of the plaintiff to warrant a preliminary injunction. *See Ebel,* 698 F.2d at 392; *cf. Playtime,* 748 F.2d at 532; *J-R Distributors, Inc. v. Eikenberry,* 725 F.2d 482, 485 (9th Cir.) *prob. juris. noted,* —— U.S. ——, 105 S.Ct. 76, 83 L.Ed.2d 25 (1984). But in one recent case, where the plaintiff was deemed to have made an inadequate factual record, we held that it was error to enjoin the enforcement of the ordinance. *Lydo Enterprises, Inc. v. City of Las Vegas,* 745 F.2d 1211, 1215–16 (9th Cir.1984).

The constitutionality of the Fresno zoning ordinance presents at least a serious litigation question especially in light of the frequency with which this and other courts have struck down similar ordinances on constitutional grounds. *See Playtime,* 748 F.2d at 538; *CLR Corp. v. Henline,* 702 F.2d 637 (6th Cir.1983); *Alexander v. City of Minneapolis,* 698 F.2d 936 (8th Cir. 1983); *Basiardanes v. City of Galveston,* 682 F.2d 1203 (5th Cir.1982); *Avalon Cinema Corp. v. Thompson,* 667 F.2d 659 (8th Cir.1981); *Keego Harbor Co. v. City of Keego Harbor,* 657 F.2d 94 (6th Cir.1981); *Bayou Landing, Ltd. v. Watts,* 563 F.2d 1172 (5th Cir.1977), *cert. denied,* 439 U.S. 818, 99 S.Ct. 79, 58 L.Ed.2d 109 (1978). *See also Tovar v. Billmeyer,* 721 F.2d 1260 (9th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 223, 83 L.Ed.2d 152 (1984); *Kuzinich v. County of Santa Clara,* 689 F.2d 1345 (9th Cir.1983). There are apparently no appellate cases since *Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976), which have upheld the constitutionality of an ordinance which requires the relocation of existing adult-type businesses. This consistent line

---

**2.** The City asserts that criminal proceedings are pending against two Adultworld employees. Even if true, *Hicks* would not demand abstention in this action, contrary to the district court's holding. In *Hicks,* not only were the state defendants employees of the federal plaintiff but also the action against the employees was filed before the federal action and a state criminal action was filed against the federal plaintiff only one day after the federal action was filed. Neither close timing nor the addition of the federal plaintiff to a pre-existing state criminal action is present here.

of cases is, in itself, enough to indicate that Adultworld has presented a serious litigation question.

The balance of hardships also tips decidedly in favor of Adultworld. Adultworld presented evidence at the evidentiary hearing that the ordinance requires nine of ten existing adult businesses to relocate but that relocation sites are virtually nonexistent. The Adultworld challenge was brought as soon as the bookstore learned that it would not be eligible for a conditional use permit. Finally, and perhaps most persuasively, the City has entered into agreements with other adult businesses not to enforce the ordinance with respect to their operations so long as good faith litigation is pending. The City cannot, therefore, argue that it has a strong interest in enforcing its ordinance. *See, e.g., Young,* 427 U.S. at 71, 96 S.Ct. at 2452.

■ Regardless of the weight the trial court chose to afford to Adultworld's evidence of lack of relocation sites, where a plaintiff makes a prima facie showing of infringement of First Amendment rights, the presumption of validity of a zoning ordinance disappears. *See Schad v. Borough of Mt. Ephraim,* 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671 (1981); *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 215, 95 S.Ct. 2268, 2275, 45 L.Ed.2d 125 (1975). Once such a showing is made, as it was here, the government must demonstrate a compelling interest to justify the ordinance. *Ebel,* 698 F.2d at 392, citing *Young,* 427 U.S. at 56 n. 12, 96 S.Ct. at 2445. *See Schad,* 452 U.S. at 68, 70 & nn. 8–9, 101 S.Ct. at 2182, 2183 & nn. 8–9. *But see Lydo,* 745 F.2d at 1215–16 (plaintiff did not make prima facie showing).

As the Supreme Court noted in *Young,* in upholding a similar Detroit ordinance, "[t]he situation would be quite different if the ordinance had the effect of suppressing, or greatly restricting access to, lawful speech." 427 U.S. at 71 n. 35, 101 S.Ct. at 2452–2453 n. 35. Given the criminal sanctions in the Fresno ordinance and the serious question whether locations exist in Fresno for existing adult businesses to relocate, the ordinance may have a chilling or suppressive effect on protected speech. The district court, therefore, should have found that the balance of hardships weighed in favor of Adultworld; it should have granted a preliminary injunction against enforcement of the Fresno ordinance and continued the case for a trial on the merits.

The matter of the plaintiff's attorney fees will be continued to abide the result of the trial on the merits.

Reversed and remanded.