Steven D. WIENER, dba Fantasyland
Adult Books, Plaintiff–Appellant,

v.

COUNTY OF SAN DIEGO, a political
subdivision of the State of California,
Defendant–Appellee.

No. 92–56573.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1994.

Decided May 2, 1994.

G. Randall Garrou, Clyde F. DeWitt, Weston, Sarno, Garrou & DeWitt, Beverly Hills, CA, for plaintiff-appellant.

Lloyd M. Harmon, Jr.; County Counsel, Diane Bardsley, Chief Deputy by Mark C. Mead, Deputy, San Diego, CA, for defendant-appellee.

Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.

Opinion by Judge PREGERSON

PREGERSON, Circuit Judge:

Steven Wiener, d/b/a Fantasyland Adult Books, appeals the district court's dismissal of his 42 U.S.C. § 1983 action challenging a San Diego County zoning ordinance (Ordinance No. 8015) that regulates adult bookstores, and the district court's denial of his motion for a preliminary injunction. We have jurisdiction over the dismissal order under 28 U.S.C. § 1291, and over the denial of the preliminary injunction motion under 28 U.S.C. § 1292(a)(1). Because we conclude that *Younger* abstention did not apply, we reverse and remand.

## BACKGROUND

Appellant Steven Wiener ("Wiener") owns and operates Fantasyland Adult Books ("Fantasyland"), which specializes in selling, renting, and exhibiting adult video tapes, and in selling adult books, magazines, and novelties.[1] Fantasyland is the only adult entertainment business in unincorporated San Diego County, California. It is located approximately 400 feet from two areas which are zoned for residential use.

In September 1990, Wiener was charged in the San Diego Municipal Court with violating § 6930b of the San Diego County Zoning Ordinance (the "Zoning Ordinance"), which was in effect at the time. The County alleged that Zoning Ordinance § 6930b, entitled "Adult Entertainment Establishments," made it unlawful for Wiener to operate an adult bookstore within 500 feet of an area zoned for residential use. (Ordinance No. 6983) (requiring an administrative permit for adult entertainment establishments and pro-

viding that permits would be issued unless a business was improperly located). Wiener demurred on the ground that § 6930b was unconstitutional because it neither specified a time limit for the County to grant or deny administrative permits nor clearly stated that a violation of the locational restrictions was a prosecutable offense. The municipal court sustained the demurrer on both grounds, finding that the ordinance was a standardless prior restraint that was facially unconstitutional.

On January 9, 1991, the County Board of Supervisors (the "County Board") amended Zoning Ordinance § 6930b on an interim, emergency basis to correct the constitutional defects noted by the municipal court and to buy time to adopt permanent restrictions. (*See* Ordinance No. 7849). The interim ordinance, Ordinance No. 7849, imposed the following locational restrictions on adult entertainment establishments: "No person shall cause or permit the establishment, substantial enlargement or transfer of ownership or control of any adult entertainment establishment within 500 feet of any area zoned so as to permit residential use by right ... nor without first obtaining an Administrative Permit therefor...." *Id.* The County Board subsequently extended the life of interim Ordinance No. 7849 to January 7, 1992, without changing the locational restrictions. (Ordinance No. 7862).

On May 24, 1991, the County brought an abatement action in the San Diego County Superior Court to enjoin Fantasyland from violating the § 6930b locational restrictions, as amended by interim Ordinance No. 7849 and No. 7862 [hereinafter Ordinance No. 7849]. Wiener filed a cross-complaint against the County for declaratory and injunctive relief, alleging in part that § 6930b, as amended, was unconstitutional. Wiener's cross-complaint did not allege, as a constitutional challenge, that the locational restrictions were invalid for failing to leave adequate alternative locations for adult entertainment establishments in the unincorporated County. In his opening trial brief, Wiener explained that, although he believed the restrictions violated the First Amendment by

---

1. "Adult" means inappropriate for minors due to sex-oriented content and character.

being overly restrictive, he declined to make this challenge due to practical considerations. He knew that, by its own terms, the interim ordinance would expire within one year, and therefore chose to argue that it did not apply to Fantasyland as a matter of statutory construction, rather than hire experts to prove its impermissibly restrictive impact, which would have been a more complicated and expensive argument.

On December 4, 1991, while the state court action was pending, the County Board adopted Ordinance No. 8015, which consisted of permanent amendments to the Zoning Ordinance. The new ordinance was intended to "make[ ] numerous changes to the San Diego County Zoning Ordinance in order to regulate adult entertainment establishments...." (Ordinance No. 8015, § 1). Section 15 repealed § 6930b of the Zoning Ordinance. However, after rejecting other proposals, the County Board reenacted the section with the identical locational restriction of a 500 foot distance from areas zoned for residential use. (Ordinance No. 8015, § 15) (section amended to apply not only to the establishment, but also to the operation of, adult entertainment establishments).[2] Ordinance No. 8015 did not become effective until January 4, 1992.

On December 18, 1991, after Ordinance No. 8015 was adopted but before it became effective, the superior court mailed its Statement of Decision, enjoining Wiener from violating the soon-to-expire interim Ordinance No. 7849. On December 20, 1991, Wiener filed a civil rights action in U.S. district court under 42 U.S.C. § 1983, alleging that Ordinance No. 8015 violated the First Amendment. At the same time, in the district court action, Wiener filed a motion for a preliminary injunction to prevent enforcement of Ordinance No. 8015.

In response to the state court's Statement of Decision, the County prepared a proposed final judgment, asking the court to enjoin Wiener from violating not only Ordinance No. 7849, but also the new ordinance, Ordinance No. 8015. Wiener's attorneys responded that if the state court chose to address Ordinance No. 8015, Wiener would want to amend his complaint to include a new First Amendment challenge to its enforcement. Wiener's attorneys also explained that they recently had filed a § 1983 action in federal court to challenge the constitutionality of Ordinance No. 8015 under the First Amendment. In response, the court expressly refused to rule on application of the new ordinance. The court explained:

> [T]he decision of this Court ... [does] not include the new ordinance which went into effect and repealed the ordinance that was before the court.... I'm not considering [Ordinance No. 8015] for purposes of the decision ... nor am I going to include it in any judgment that will be signed by the court since it was not before the court. And there may be different issues that are going to arise out of the terminology that's contained within the new ordinance.

(Superior Ct. RT, 1/6/92, p. 3). On February 5, 1992, the superior court issued a Judgment Granting Permanent Injunction to the County which enjoined violations of Ordinance No. 7849. Wiener then appealed to the state court of appeal.

On December 3, 1992, the district court ruled on Wiener's § 1983 challenge to Ordinance No. 8015 and his preliminary injunction motion. Based on *Younger* abstention the district court denied the preliminary injunction motion and dismissed the § 1983 action. Subsequently, on June 21, 1993, the state court of appeal dismissed Wiener's appeal as moot because the interim ordinance had expired. Wiener appeals the district court's order.[3]

---

**2.** The reenacted subsection b, entitled "Permit required; Standards for Location" reads as follows:

 1. No person shall cause or permit the establishment, operation, enlargement or transfer of ownership or control of any adult entertainment establishment without first obtaining an administrative permit....

 2. No application for an administrative permit ... shall be approved if said establish-

ment is within 500 feet of any area zoned so as to permit the family residential use type as a primary use by right....

Ordinance No. 8015, § 15.

**3.** As part of its dismissal order, the district court stayed the effect of its judgment to enable Wiener to seek a stay or injunction from this court. On January 7, 1993, this court granted Wiener's

## ANALYSIS

### 1. Dismissal Of Wiener's Action Based On *Younger* Abstention

■■ We review de novo whether *Younger* abstention was required. *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 979, 122 L.Ed.2d 133 (1993). *Younger* abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims. *See id.; World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987). When all three conditions are present, a district court must dismiss the federal action. *World Famous Drinking Emporium*, 820 F.2d at 1081. Wiener concedes that the state proceeding implicated important state interests. Therefore, we address only the first and third predicates for *Younger* abstention.

### A. Pending state judicial proceeding

■ To decide whether there was a pending state judicial proceeding within *Younger*, we focus on the status of the state court proceeding at the time of the district court's decision rather than on its *current* status on appeal. Therefore, our decision is not influenced by the dismissal of the state court appeal which occurred after Wiener filed his complaint in federal court. "[T]he critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of

the federal proceedings.'" *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir.1987) (quoting *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1358 (9th Cir. 1986) (focusing on the time that the federal action was initiated and ignoring that the state court proceeding was subsequently remanded)), *cert. denied*, 485 U.S. 934, 108 S.Ct. 1109, 99 L.Ed.2d 270 (1988). Nonetheless, Wiener's arguments convince us that there was no pending state judicial proceeding to justify the district court's *Younger* abstention decision. We hold that a pending state judicial proceeding does not come within *Younger* unless the federal plaintiff is being prosecuted in state court under the same law that is challenged in federal court. When Wiener filed his § 1983 complaint, there was no pending state court action concerning Ordinance No. 8015. The pending state court action concerned only the predecessor ordinance, Ordinance No. 7849. In fact, Ordinance No. 8015 was not even adopted until near the end of the state court trial, and the trial judge expressly refused to entertain any arguments for or against its enforcement vis-a-vis Fantasyland.

■ By our holding, we reject the County's argument that *Younger* requires only that the pending state judicial proceeding concern the same legal issues that are raised by the federal action (e.g., validity of locational restrictions). An identity in legal issues is not a sufficient predicate to compel abstention where a plaintiff challenges a different law.[4]

---

unopposed motion for an injunction to preserve the status quo pending disposition of this appeal.

4. The Eleventh Circuit reached a similar conclusion in *Redner v. Citrus County, Fla.*, 919 F.2d 646 (11th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 303, 116 L.Ed.2d 246 (1991). There, the federal plaintiff challenged a permanent ordinance that was virtually identical to a prior, emergency ordinance which was litigated in a pending state proceeding, *except that the permanent ordinance contained two additional substantive provisions.* The court reversed the district court's decision to abstain.

> [E]ven if the federal district court had held Ordinance 88–06 unconstitutional, the state courts might still have properly held that Ordinance 88–05 was constitutional. The federal

court decision on 88–06 might have been persuasive authority in the state court, but that *such a federal court decree would have inevitably barred a contrary state judgment on the constitutionality of a different ordinance is doubtful.* In addition, the state criminal proceeding would not necessarily determine the constitutionality of Ordinance 88–06. The state criminal proceeding could proceed to completion—and, in fact, seemingly have proceeded to completion—without a state court addressing Ordinance 88–06.

> ... [T]here were no state proceedings to which a federal court could defer about [the permanent ordinance].

*Id.* at 650–51 (footnotes omitted).

We also agree with Wiener's argument that *Younger* abstention does not apply when, as here, a federal plaintiff seeks a prospective injunction against prosecutions under an allegedly unconstitutional ordinance. Actions for prospective relief do not trigger abstention because the abstention doctrine "is propelled by concerns of federalism and comity.... Those concerns are not present where ... federal proceedings do not 'unduly interfere with the legitimate activities of the States.'" *Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1107 (9th Cir.1988) (citations omitted), *cert. denied*, 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 157 (1989).. Abstention is appropriate only on federal actions to restrain enforcement of a pending state proceeding or of an already-entered state court order. *Compare Wooley v. Maynard*, 430 U.S. 705, 711–12, 97 S.Ct. 1428, 1433–34, 51 L.Ed.2d 752 (1977) (*Younger* abstention did not apply because the federal "suit [was] in no way 'designed to annul the results of a state trial'": Rather than request the federal court to expunge their criminal records or to annul any collateral effects of the convictions, federal plaintiffs sought only to be free from prosecution for future violations) *with Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975) (*Younger* abstention applied because federal plaintiff sought declaratory and injunctive relief *to prevent enforcement* of a state court closure order, which amounted to a request for "[f]ederal post-trial intervention, in a fashion designed to annul the results of [the] state trial....").

According to the County, if the district court had ruled on the constitutionality of the locational restrictions in Ordinance No. 8015, it would have nullified the pending state court appeal on enjoining Wiener from violating the identical restrictions in Ordinance No. 7849. Wiener's argument of non-interference is better reasoned. By entertaining Wiener's declaratory and injunctive relief claims regarding Ordinance No. 8015, the district court would not have interfered with the pending state court appeal or "annulled the results" of the state court trial concerning the prior ordinance. As Wiener states, there is no reason why the California state courts should mind if a federal court resolves his claim. We therefore agree with Wiener that the first predicate for *Younger* abstention was not met.

### B. Opportunity to litigate federal questions

"[I]nterests of comity and federalism ... counsel federal courts to abstain from jurisdiction whenever federal claims *have been or could be presented* in ongoing state judicial proceedings that concern important state interests." *Lebbos v. Judges of Superior Ct.*, 883 F.2d 810, 813 (9th Cir.1989) (citations to quoted case omitted) (emphasis added). The burden rests on Wiener to show that he was "barred from raising [his] federal claims in the [state court] action." *Id.* at 815.

The parties debate the significance of the identity between the locational restrictions in Ordinances No. 8015 and 7849. The district court found, based on the identity in restrictions, that any argument attacking the constitutionality of the interim Ordinance No. 7849 applies with equal force to the permanent Ordinance No. 8015. (RT p. 12). The court then concluded that "[a]n opportunity to raise this type of argument under one [ordinance] ... is *functionally identical* to the opportunity to raise the argument under the other." *Id.* (emphasis added).

We agree with Wiener that the identity in restrictions has little or no significance in this case. In his federal court action, Wiener does not challenge the same law that was at issue in the state court action. Because the state court action concerned only the enforcement of Ordinance No. 7849, Wiener had no opportunity to litigate the constitutionality of the latter Ordinance No. 8015. In fact, Ordinance No. 8015 was not adopted until the very end of the state court trial. After its adoption, the County asked the state court to enjoin violations by Wiener, and Wiener asked to present additional constitutional challenges to its enforcement if the state court chose to address the new ordinance. The state court expressly refused to include the new ordinance in the case and its ruling, and therefore, refused to entertain Wiener's arguments against its applicability and constitutionality. For all intents and purposes, Wiener *was* barred from raising

his First Amendment claim regarding Ordinance No. 8015 in the state court trial. To obtain a meaningful victory, he needed to file a *new* complaint to challenge Ordinance No. 8015.[5]

Moreover, the opportunity to challenge the interim emergency ordinance on First Amendment grounds was not "functionally identical" to an opportunity to challenge the permanent ordinance, which the state court expressly barred Wiener from doing. Wiener is not, as the County contends, merely attempting to exalt form over substance: in this case, the dissimilar form of the two ordinances is very significant. Certainly, the identity in locational restrictions of the two ordinances means that Wiener could have challenged the constitutionality of the restrictions in Ordinance No. 7849 on the same ground that he currently challenges Ordinance No. 8015—the nonavailability of alternative avenues of communication. But, the dissimilar form of the two ordinances means that Wiener had little incentive to introduce a complex constitutional argument in state court to defeat the soon-to-expire ordinance, especially because that ordinance did not apply to the "operation" of adult entertainment establishments as does Ordinance No. 8015. Even if Wiener had won on constitutional grounds, the state court ruling would have been mooted by the expiration of Ordinance No. 7849 and dismissal of the appeal. It would be inequitable to penalize Wiener for failing to bring all conceivable challenges against an ordinance that was about to expire, and for not anticipating the relevant content of the permanent ordinance. We therefore find that Wiener had no opportunity to litigate in state court the constitutionality of the restrictions in the latter Ordinance

No. 8015. *Younger* abstention was inappropriate in this case.[6]

### 2. Denial of Wiener's Motion For A Preliminary Injunction

 The district court denied Wiener's motion for a preliminary injunction based on *Younger* abstention. We review a denial of a motion for preliminary injunction to decide whether the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. *Senate of California v. Mosbacher,* 968 F.2d 974, 975 (9th Cir.1992). In the context of challenges to location-restrictive ordinances, "a preliminary injunction should issue upon a clear showing of either: (1) probable success on the merits and irreparable injury; or (2) sufficiently serious questions going to the merits to make the case a fair ground for litigation and a balance of hardships tipping decidedly in favor of the party requesting relief." *Topanga Press, Inc. v. City of Los Angeles,* 989 F.2d 1524, 1528 (9th Cir.1993) (affirming issuance of a preliminary injunction prohibiting the city from enforcing its adult entertainment business zoning ordinance), *cert. denied,* —— U.S. ——, 114 S.Ct. 1537, 128 L.Ed.2d 190 (1994).

In this case, we cannot reach the merits of Wiener's motion because there is no fully-developed record below. The district court never ruled on the merits of Wiener's preliminary injunction motion when it dismissed the entire action based on abstention. *Fresh Int'l Corp.,* 805 F.2d at 1356 (no discretion to grant injunctive relief). Nor did the district court even address the merits of the preliminary injunction motion. On this ground,

---

5. The County argues that Wiener could have moved to amend his cross-complaint, albeit after the close of evidence, to include a challenge to Ordinance No. 8015. *See* Cal.Civ.Proc.Code § 473. But, the state court already stated that it was not interested in expanding the litigation to include the new ordinance. It is unlikely that Wiener would have been allowed to amend his complaint or that he would have had a meaningful opportunity to litigate the constitutionality of the permanent ordinance even if amendment were allowed. We refuse to penalize him for not seeking an amendment under these circumstances.

6. Because we find that two of the three predicates for *Younger* abstention were not present, we need not address the two abstention exceptions, *Lebbos v. Judges of Superior Ct.,* 883 F.2d 810, 814 (9th Cir.1989) (abstention inappropriate where the state court action was instigated in bad faith or where the challenged law is flagrantly and patently unconstitutional). We also decline to address the parties' debate regarding the res judicata and collateral estoppel effects, if any, of the state court action. Their debate is irrelevant to this appeal, which necessarily depends on the three predicates applied by our Circuit for *Younger* abstention.

*Adultworld Bookstore v. City of Fresno,* 758 F.2d 1348 (9th Cir.1985), is distinguishable. In that case, our court proceeded to review the denial of a preliminary injunction after it found that the district court erred by abstaining. Review was appropriate because the district court had held an "extended evidentiary hearing on the question of a preliminary injunction," *id.* at 1350–51, and the panel had before it all of the evidence presented below and the district court's statements, *id.* at 1351–52. In contrast, the district court in this case only entertained the *Younger* abstention question. We do not have the evidentiary record to decide the appropriateness of a preliminary injunction. Instead, we must allow the district court to address the merits of Wiener's preliminary injunction motion in the first instance.

Pending a decision by the district court, we continue the preliminary injunction that we issued earlier against enforcement of Ordinance No. 8015.

REVERSED AND REMANDED.