46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mel M. MARIN, Plaintiff-Appellant,
v.
Kent PEDERSON, Municipal Court Clerk; Michael B. Orfield
Municipal Court Judge, Defendants-Appellees.
 No. 94-55841.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
 Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mel M. Marin appeals pro se the district court's sua sponte dismissal, prior to service of process, of his action seeking declaratory and injunctive relief. Marin seeks to enjoin the municipal court of California, San Diego County, from holding a hearing at which the court would consider declaring Marin a vexatious litigant. The district court dismissed Marin's action on the basis of the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Because we conclude Younger abstention was appropriate, we affirm.
 
 
 3
 Younger abstention is appropriate if three criteria are met: (1) state judicial proceedings must be ongoing; (2) the state proceedings must implicate an important state interest; and (3) the state proceedings must offer an adequate opportunity to litigate federal constitutional issues. See Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992), cert. denied, 113 S. Ct. 979 (1993). If these three requirements are met, the district court must dismiss the action. See Confederated Salish v. Simonich, 29 F.3d 1398, 1401 (9th Cir. 1994); Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir. 1994).
 
 
 4
 The district court properly found the Younger abstention doctrine applicable to Marin's claim. First, Marin may challenge the municipal court's denial of his temporary restraining order and dismissal by appealing to the California superior court. See Cal. Civ. Proc. Code Sec. 904.2(b), (g). Thus, there are ongoing state proceedings because Marin has failed to exhaust his appellate remedies in state court. See World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987). Second, important state interests are implicated. California has an important "interest in ensuring 'that its orders and judgments are not rendered nugatory."' Lebbos v. Judges of Super. Ct., Santa Clara County, 883 F.2d 810, 815 (9th Cir. 1989) (quoting Juidice v. Vail, 430 U.S. 327, 336 n.12 (1977)). Third, Marin has an adequate opportunity to present his federal claims in the California state court proceedings by appealing to the California superior court. Marin has failed to show "that state procedural law barred presentation of [his] claims." See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987) (quotations omitted).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3