87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert S. FLOWERS, M.D., Plaintiff-Appellant,
v.
Sherrie T. SEKI, Cynthia S. Nakamura, individually and in
their official capacities as attorneys for the Regulated
Industries Complaints Office, Department of Consumer
Affairs, State of Hawaii; Clifford K. Higa, in his official
capacity as Director of the Department of Commerce and
Consumer Affairs, State of Hawaii; Sharon On Leng, in her
official capacity as Complaints Enforcement Officer of the
Regulated Industries Complaints Office, Department of
Consumer Affairs, State of Hawaii and John Does 1-20,
Defendants-Appellees.
 No. 94-16039.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided June 07, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert S. Flowers, M.D., is the object of a disciplinary action brought by the Regulated Industries Complaints Office ("RICO") of the State of Hawaii Department of Commerce and Consumer Affairs, the prosecutorial agency for the State of Hawaii Board of Medical Examiners. Dr. Flowers alleges that the disciplinary action was brought in bad faith. He brought suit under 42 U.S.C. § 1983 against certain RICO officials ("RICO defendants") for monetary damages and a permanent injunction. Dr. Flowers then moved for a preliminary injunction. The district court denied the motion for preliminary injunction, abstained under Younger v. Harris, 401 U.S. 37 (1971), and issued a stay of federal proceedings pending the outcome of the state disciplinary action. We have jurisdiction under 28 U.S.C. § 1292(a). We reverse the district court's judgment, vacate the order staying federal proceedings and instruct the district court to enter a preliminary injunction.
 
 I. Motion to Strike Answering Brief
 
 3
 We first address Dr. Flowers' motion to strike defendants' answering brief. In support of their opposition to Dr. Flowers' emergency motion for stay or injunction of state administrative proceedings, the RICO defendants attached a supplemental affidavit and exhibits that were not part of the record before the district court. Defendants frequently cite to this supplemental material in their brief for this appeal. They contend that the material is a subsequent development of which this court can take notice under Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423 (1982).
 
 
 4
 Contrary to defendants' assertions, Middlesex contemplates the recognition of independent developments subsequent to the proceedings below; it does not contemplate shifts in litigation strategy such as defendants' new willingness to make voluntary disclosures of evidence in their possession at the time of the district court proceedings. Because the supplemental material is not part of the record on appeal as defined by Fed.R.App.P. 10, references to it violate Ninth Cir.R. 28-2.8. Accordingly, we strike from defendants' brief all references to materials not part of the record before the district court, and we give them no consideration in adjudicating this appeal. See Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077-78 (9th Cir.1988) (holding that "[p]apers not filed with the district court ... are not part of the clerk's record and cannot be part of the record on appeal"). Dr. Flowers' motion to strike is denied in all other respects.
 
 
 5
 II. Denial of Preliminary Injunction and Younger Abstention
 
 
 6
 We review de novo whether Younger abstention was required. Weiner v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994); Partington v. Gedan, 880 F.2d 116, 120 (9th Cir.1989) (reviewing de novo "even though we are reviewing the action of a district court in granting or denying an injunction"), cert. denied, 497 U.S. 1038, and cert. granted and vacated on other grounds, 497 U.S. 1020 (1990).
 
 
 7
 We find that Dr. Flowers has demonstrated that the RICO defendants are prosecuting him in bad faith and, therefore, that Younger abstention was not appropriate. See Middlesex, 457 U.S. at 429. A prosecution is brought in bad faith if, inter alia, it is brought without a reasonable expectation of obtaining a valid conviction. Kugler v. Helfant, 421 U.S. 117, 126 n. 6 (1973). The district court found that the "prosecution was brought with rather weak evidence, and without a strong basis to expect to prevail." Order Denying Plaintiff's Motion for Preliminary Injunction at 16. In addition, the court found that while the RICO defendants made "little effort to rebut plaintiff's allegations,"
 
 
 8
 Dr. Flowers presented evidence that (1) he is a distinguished and renowned plastic surgeon; (2) that defendant Seki, the attorney in charge of the RICO investigation, breached a promise to allow plaintiff to respond to potential charges before a disciplinary petition was prepared; (3) that Mr. Harada, the Board investigator, conducted the investigation in a biased and slanderous manner; (4) that the petition against [Dr. Flowers] is replete with false allegations and factual inaccuracies; (5) that the charges brought against [Dr. Flowers] are without merit; and (6) that leading physicians in the community, after review of the petition and the underlying facts, roundly condemn the petition as unwarranted.
 
 
 9
 Further, the district court found that the RICO defendants "conducted their investigation in a lackluster and unprofessional manner and the tactics of their investigator are highly questionable, to say the least." We agree with the district court's analysis of the evidence.
 
 
 10
 We disagree, however, with the court's conclusion that Dr. Flowers failed to demonstrate bad faith because the state has offered some evidence for its case. Dr. Flowers has introduced undisputed evidence that effectively negates each charge leveled against him by RICO. We are persuaded that the RICO defendants have no reasonable expectation of success.
 
 
 11
 Moreover, evidence alone, even if it rises to the level of probable cause, will not bar a finding of bad faith. See, e.g., Perez v. Ledesma, 401 U.S. 82, 118 n. 11 (1971) (Brennan, J. concurring in part and dissenting in part); Cullen v. Fliegner, 18 F.3d 96, 103-104 (2d Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 480 (1994); United States v. P.H.E., Inc., 965 F.2d 848, 853 (10th Cir.1992); Fitzgerald v. Peek, 636 F.2d 943, 945 (5th Cir.), cert. denied, 452 U.S. 916 (1981). The RICO defendants have demonstrated in their brief a substantial bias against both Dr. Flowers and his profession. They assert speculative claims for which they have failed to demonstrate any basis regarding the motives for his professional activities, his income, the psychological profiles of his patients, and the social value of cosmetic surgery among other declarations for which there is no support in the record. For example, the RICO defendants declare, "Dr. Robert S. Flowers, M.D., is a cosmetic plastic surgeon who resides in Honolulu, Hawaii, and who makes millions of dollars performing breast enlargement, facelift, and other forms of socially questionable cosmetic plastic surgery," Appellees' Br. at 2, and, "[a]lthough he professes to a busy professional schedule of lectures, teaching and other 'good works,' most of these have occurred at such popular resort or travel destinations as ... New York, Marseille [sic], Paris, Tokyo, Miami, Bankgok [sic], Puerto Villarta, and various resort communities on the outer Hawaiian Islands and elsewhere," Id. at 4. The RICO defendants also argue that their prosecution of Dr. Flowers should be afforded great deference because cosmetic surgery has been the object of societal derision:
 
 
 12
 Society has long frowned on cosmetic surgery of the type typically practiced by Dr. Flowers, not only because it drains millions if not billions of dollars of government and private subsidies from medical procedures that demonstrably save lives, but because that surgery is 'sold' to the [sic] some of the most psychologically vulnerable individuals in our society....
 
 
 13
 Id. at 25. Finally, they contend that society could lawfully proscribe the practice of cosmetic surgery entirely: "Society would be wholly within its rights to outlaw what Dr. Flowers does as a crime." Id. (emphasis in original). These bald assertions suggest a harassing motivation irrespective of the evidence and belie defendants' claim of good faith.
 
 
 14
 Consistent with our finding of bad faith and conclusion that Younger abstention was inappropriate, we direct the district court to issue a preliminary injunction barring the RICO defendants from pursuing the disciplinary action against Dr. Flowers. We therefore vacate the order staying federal proceedings.
 
 III. Request for Attorney's Fees
 
 15
 Dr. Flowers has requested an award of attorney's fees for this appeal as a "prevailing party" under 42 U.S.C. § 1988.[1] A plaintiff is a prevailing party under section 1988 only when (1) it wins on the merits of its claim, (2) the relief received materially alters the legal relationship between the parties by modifying the defendant's behavior, and (3) that relief directly benefits the plaintiff. Martinez v. Wilson, 32 F.3d 1415, 1422 (9th Cir.1994) (citing Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). Dr. Flowers meets each of the Martinez criteria with respect to the issues before this court. The parties may request fees and state their objections pursuant to Ninth Cir.R. 39-1.6 & 39-1.7. The matter is referred to the Appellate Commissioner for a determination of a reasonable fee award. This sum should be added to an award, if any, determined by the district court following the resolution of this case below.
 
 
 16
 REVERSED, VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 42 U.S.C. § 1988 provides in relevant part:
 "(b) Attorney's fees
 In any action or proceeding to enforce a provision of section [ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of costs."