122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DIOS LA IGLESIA DE LAITIES DE SACRED HOLY
SACRAMENTO--SACRAMENT; and James O'Leary, Sr.,
Reverend, Plaintiffs-Appellants,
v.
STATE of California; State of California Lands Commission;
California Department of Fish and Game; City of
West Sacramento; Ramos Oil Co.,
Defendants-Appellees,
and
MARINE SAFETY OFFICE; U.S. Coast Guard, Defendants.
 No. 96-17165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-96-01525-WBS/JFM; William B. Shubb, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reverend James O'Leary, Sr. appeals pro se the district court's dismissal of his civil rights action under the Younger abstention doctrine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's decision to abstain under Younger v. Harris, 401 U.S. 37 (1971). See Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994).
 
 
 4
 A district court must abstain from exercising jurisdiction where: "(1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims. Id. (setting forth criteria for abstention under Younger v. Harris, 401 U.S. 37 (1971)).
 
 
 5
 First, the State of California's action against O'Leary was underway prior to the filing of the federal complaint and the state-court action was still pending when the district court decided to abstain. See Wiener, 23 F.3d at 266-67. Second, the state-court action alleged violations of state nuisance laws, which involve an important state interest. See World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082-83 (9th 1987). Last, O'Leary did not demonstrate that he was unable to present his federal constitutional claims in state court. See id. at 1083 (concluding that state-initiated nuisance proceedings provide an adequate opportunity to litigate federal constitutional claims).
 
 
 6
 Accordingly, because all of the Younger requirements are met, the district court properly abstained. See Wiener, 23 F.3d at 266.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, O'Leary's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3