133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray GLOCK-GRUENEICH, Plaintiff-Appellant,
v.
SUPERIOR COURT OF THE COUNTY OF SHASTA; Richard A.
McEachen, Judge of Superior Court County of
Shasta, Defendants-Appellees.
 No. 96-17039.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ray Glock-Grueneich appeals pro se the district court's dismissal under the Younger abstention doctrine of his 42 U.S.C. § 1983 action against Shasta County Superior Court Judge Richard A. McEachen seeking to enjoin enforcement of an order prohibiting media contact ("gag order") issued by Judge McEachen in connection with an underlying criminal proceeding.[1] Glock-Grueneich, a disbarred attorney, participated in the criminal proceeding as a paralegal/investigator. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's decision to abstain under Younger v. Harris, 401 U.S. 37 (1971). See Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994).
 
 
 4
 Glock-Grueneich contends that the district court erred by refusing to enjoin enforcement of the gag order because he had no adequate remedy at state law and because the district court's failure to grant him a hearing before issuing the gag order caused him irreparable injury. These contentions lack merit.
 
 
 5
 A district court must abstain from exercising jurisdiction where: "(1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims." Id. (setting forth criteria for abstention under Younger v. Harris, 401 U.S. 37 (1971)). The court "should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Younger, 401 U.S. at 43.
 
 
 6
 Glock-Grueneich does not dispute that the first two prongs of the Younger abstention doctrine apply here. He argues solely that he did not have access to an adequate state law remedy to enjoin enforcement of the gag order. Glock-Grueneich has failed to demonstrate that California's writ procedures are inadequate. See Cal. Civil Proc.Code §§ 1085, 1103. Moreover, Glock-Grueneich concedes that "the bypass of this California writ remedy was deliberate." Accordingly, Glock-Grueneich has failed to demonstrate that he lacked an adequate remedy under state law and the district court properly abstained. See Wiener, 23 F.3d at 266.
 
 
 7
 Second, Glock-Grueneich argues that Judge McEachen's failure to grant him a hearing before issuing the gag order caused him irreparable injury. The record reflects that Judge McEachen held a hearing before issuing the gag order. Glock-Grueneich has pointed to no authority which would have required Judge McEachen to grant him an individual hearing. Accordingly, Glock-Grueneich has failed to demonstrate irreparable injury. See Younger, 401 U.S. at 43.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Glock-Grueneich does not appeal the district court's dismissal of his claim against Shasta County Superior Court as barred by the Eleventh Amendment
 
 
 [2]
 Appellee's motion to dismiss the appeal was denied on February 27, 1997