**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM F. HOLDNER, an individual, DBA Holdner Farms, | No. 12-36090 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01159-PK |
| v. | |
| JOHN KROGER, Attorney General of Oregon, in his individual and his official capacity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

William F. Holdner, dba Holdner Farms, appeals pro se from the district

court's judgment dismissing his declaratory judgment action arising from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Oregon Department of Agriculture's regulation of Holdner's cattle ranch and Holdner's subsequent criminal prosecution for violation of state water pollution statutes. We review de novo. *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004). We affirm.

The district court properly dismissed Holdner's action as barred by the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings. *See Gilbertson*, 381 F.3d at 975 (listing the requirements for *Younger* abstention and explaining that the doctrine applies to actions for declaratory relief); *see also Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("To decide whether there was a pending state judicial proceeding within *Younger*, we focus on the status of the state court proceeding at the time of the district court's decision rather than on its *current* status on appeal.").

We do not consider Holdner's arguments regarding the federal land patent and exceptions to *Younger* abstention, because he raises them for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Holdner's motion to remand, filed on August 19, 2014, is denied.

**AFFIRMED.**